IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SIMENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-608 |
| | ) | |
| CITY OF JOLIET, | ) | |
| JOLIET POLICE OFFICERS | ) | |
| NICHOLAS CROWLEY and | ) | |
| D. WEIS (Star No. 254). | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, CHRISTOPHER SIMENSON ("Plaintiff" or "Plaintiff Simenson"), by and through his attorneys, Barney & Hourihane, LLP, and complaining of Defendants, CITY OF JOLIET ("City"), JOLIET POLICE OFFICER NICHOLAS CROWLEY ("Defendant Officer Crowley" or "Defendant Crowley"), and JOLIET POLICE OFFICER D. WEIS ("Defendant Officer Weis" or "Defendant Weis") (collectively "Defendant Officers"), states as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and this Court's

1

supplemental jurisdiction powers.

3.      Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## PARTIES

4.      Plaintiff Christopher Simenson currently resides in Joliet, Illinois, within the Northern District of Illinois, Eastern Division.

5.      On information and belief, Defendant Officer Nicholas Crowley is, and was at all times complained of herein, employed by the City of Joliet as a police officer.

6.      On information and belief, Defendant Officer D. Weis is, and was at all times complained of herein, employed by the City of Joliet as a police officer.

7.      The City of Joliet is a duly incorporated municipal corporation within the Northern District of Illinois and is the employer and principal of Defendant Officers.

8.      At all times material to this Complaint, Defendant Officers were acting within the scope of their employment and under color of state law, ordinance, and/or regulation, statutes, custom, and usage of the City of Joliet.

## BACKGROUND

9.      On or about May 28, 2016, Plaintiff was in the vicinity of 180 W. Jefferson Street in Joliet, Illinois, sometime after 12:00 A.M.

10.     Plaintiff was sitting on a park bench located on Des Plaines Street, just

south of Jefferson Street, awaiting the arrival of his mother, who was going to give him a ride home.

11.     The park bench on which Plaintiff was sitting was in close proximity to the Des Plaines River and the Jefferson Street Bridge.

12.     While sitting on the bench, Plaintiff was approached by multiple Joliet Police Officers, including Officer Luis Ayala and Defendant Officer Crowley.

13.     Officer Ayala approached Plaintiff and inquired if everything was okay.

14.     Officer Ayala further advised Plaintiff that a person called 911 and reported that a man stated he was going to jump off the Jefferson Street Bridge.

15.     Plaintiff responded that he did not threaten to jump off the Jefferson Street Bridge, and that he was just waiting for his mother, who was going to give him a ride home.

16.     Plaintiff also told Officer Ayala that there must have been a misunderstanding, because he told security at Harrah's Casino—which was located across the river—that he was going to wait at the Jefferson Street Bridge, not jump off the Jefferson Street Bridge.

17.     At some point during this conversation, paramedics arrived on scene in an ambulance.

18.     Officer Ayala requested that Plaintiff meet with the paramedics who had just arrived.

19.     Plaintiff agreed and went to the rear of the ambulance.

3

20. At some point while Plaintiff was at the rear of the ambulance, he was approached by Defendant Crowley.

21. Defendant Crowley told Plaintiff that Plaintiff was going to the hospital in the ambulance.

22. Plaintiff verbally refused, stating that he was fine; that he was not suicidal; that the whole thing was a misunderstanding; and that his mother would be there shortly to pick him up.

23. Defendant Crowley responded by telling Plaintiff that if Plaintiff was not going to go to the hospital voluntarily, that Plaintiff would have to go in handcuffs.

24. Defendant Crowley then grabbed Plaintiff's wrists and forcibly placed them behind Plaintiff's back.

25. As Defendant Crowley forcibly placed Plaintiff's hands behind his back, he slammed Plaintiff face-first onto the rear bed of the ambulance.

26. As Plaintiff was slammed onto the rear bed of the ambulance, Plaintiff's face struck the corner of a metal "gun box."

27. Plaintiff was unable to break his fall because his hands were behind his back.

28. The impact split Plaintiff's face open just under his eye, and Plaintiff began to bleed heavily.

29. At no point prior to being slammed into the ambulance did Plaintiff physically resist Defendant Crowley, or any other Joliet Police Officer, in any way.

4

30. After being slammed into the back of the ambulance, Plaintiff was transported to St. Joseph's hospital by the Joliet Fire Department.

31. Subsequently, Defendant Crowley drafted official police reports which falsely stated that Plaintiff "pulled away" when Defendant Crowley attempted to handcuff Plaintiff.

32. Defendant Crowley also provided the same false information in a criminal complaint that charged Plaintiff with the offense of resisting a peace officer under Illinois statute 720 ILCS 5/31-1, which was signed by Defendant Officer Weis.

33. At the time Defendant Crowley provided the false information that resulted in Plaintiff being charged, he knew there was no probable cause supporting the criminal proceeding.

34. In addition, at the time Defendant Weis drafted and signed the criminal complaint against Plaintiff, he knew that the complaint contained false information, namely, that the complaint falsely stated that Plaintiff pulled away from Defendant Crowley when Plaintiff was being handcuffed.

35. Defendant Weis further knew that the charge against Plaintiff was not supported by probable cause.

36. Plaintiff was only charged with an offense because Plaintiff was injured by Defendant Crowley during the incident.

37. The criminal case against Plaintiff was filed in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, under Case Number 2016-CM-1674.

38.     The case was dismissed on February 14, 2017.

## COUNT 1
### 42 U.S.C. § 1983 Claim: Illegal Seizure
### (Plaintiff against Defendant Officer Crowley)

39.     Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

40.     In taking the actions described above, Defendant Crowley meaningfully interfered with Plaintiff's freedom of movement.

41.     Defendant Crowley's actions interfering with Plaintiff's freedom of movement were unreasonable and were done without probable cause, reasonable suspicion, or any other legal justification.

42.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

43.     This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

44.     The constitutional violation described herein was a direct and proximate result of Defendant Crowley's actions, and Plaintiff suffered injuries as a result of those actions, including pain, suffering, and emotional distress.

## COUNT 2
### 42 U.S.C. § 1983 Claim: Excessive Force
### (Plaintiff against Defendant Officer Crowley)

45.     Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

46.     The force used against Plaintiff by Defendant Crowley was unreasonable.

47.     As a result of Defendant Crowley's unreasonable, unjustified, and excessive use of force, Plaintiff suffered pain and injury, as well as emotional distress.

48.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's constitutional rights.

49.     This conduct violated the Fourth and Fourteenth Amendments to the United States Constitution, and hence 42 U.S.C. § 1983.

50.     The constitutional violation described herein was a direct and proximate result of Defendant Officer's actions, and Plaintiff suffered injuries as a result of those actions, including pain, suffering, and emotional distress.

## COUNT 3
### Illinois State Law Claim: Malicious Prosecution
### (Plaintiff against Defendant Officer Crowley)

51.     Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

52.     As described more fully above, Defendant Crowley commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendant Crowley knew there was no probable cause.

53.     The criminal proceeding terminated in Plaintiff's favor in a manner indicative of innocence.

54. Defendant Crowley's actions were undertaken intentionally, with malice, and with reckless indifference to the rights of Plaintiff.

55. Defendant Crowley accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and he made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

56. Statements and reports of Defendant Crowley regarding Plaintiff's alleged criminal culpability were made with knowledge that the statements were false.

57. As a result of Defendant Crowley's malicious prosecution, Plaintiff has suffered, as a direct and proximate cause, injuries, including emotional distress.

## COUNT 4
### Illinois State Law Claim: Malicious Prosecution
### (Plaintiff against Defendant Officer Weis)

58. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

59. As described more fully above, Defendant Weis commenced, caused to be commenced, and/or continued a criminal proceeding against Plaintiff for which Defendant Weis knew there was no probable cause.

60. The criminal proceeding terminated in Plaintiff's favor in a manner indicative of innocence.

61. Defendant Weis's actions were undertaken intentionally, with malice, and with reckless indifference to the rights of Plaintiff.

62. Defendant Weis accused Plaintiff of criminal activity knowing those accusations to be without probable cause, and he made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

63. Statements of Defendant Weis regarding Plaintiff's alleged criminal culpability were made with knowledge that the statements were false.

64. As a result of Defendant Weis's malicious prosecution, Plaintiff has suffered, as a direct and proximate cause, injuries, including emotional distress.

### *Respondeat Superior*

65. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

66. In committing the acts alleged in the preceding paragraphs, Defendant Officers were acting as a members and agents of the City of Joliet, and acting at all relevant times within the scope of their employment.

67. Defendant City of Joliet is liable as principal for all torts committed by its agents.

### Indemnification

68. Plaintiff re-alleges each of the preceding paragraphs as if fully restated herein.

69. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

70. Defendant Officers are employees of the Joliet Police Department and were acting within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, CHRISTOPHER SIMENSON, respectfully requests that this Honorable Court enter judgment in HIS favor and against Defendants, CITY OF JOLIET, DEFENDANT OFFICER CROWLEY, and DEFENDANT OFFICER WEIS, awarding compensatory damages and attorneys' fees, along with punitive damages against DEFENDANT OFFICER CROWLEY and DEFENDANT OFFICER WEIS in their individual capacities, as well as any other relief this Court deems just and appropriate.

## Jury Demand

Plaintiff, CHRISTOPHER SIMENSON, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Ian M. Barney
IAN M. BARNEY
Barney & Hourihane, LLP
874 Green Bay Road, Suite 320
Winnetka, Illinois 60093
Tel: 312-854-0906
E: ian@barneyhourihane.com

Counsel for Plaintiff

10